# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HILDA SOLIS, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.                                              Case No. 08-CV-218

LARRY C. BIEHN, Individually and as Fiduciary to
the Biehn Construction, Inc., Profit Sharing Plan,

      Defendant.

## ORDER FOR JUDGMENT AND JUDGMENT

Plaintiff Hilda Solis, Secretary of Labor, United States Department of Labor ("Secretary"), having filed her complaint; defendant Larry C. Biehn ("Biehn"), Biehn having been duly served with a copy of the complaint and summons; defendant Biehn having failed to plead or otherwise defend within the time prescribed by law; default of defendant Biehn having been entered by the Clerk of Court on October 23, 2009; and the truth of the allegations contained in the Secretary's complaint having been verified by the attached declaration of the Employee Benefits Security Administration investigator; now, therefore upon application of the Secretary and for cause shown,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment (Docket #11) shall be and the same is hereby **GRANTED;**

**IT IS FURTHER ORDERED** that default judgment be entered against defendant Biehn in accordance with the prayer of the complaint in the above-styled action as follows:

**IT IS ORDERED, ADJUDGED AND DECREED** that:

A. Defendant Biehn is permanently enjoined from violating the provisions of Title I of ERISA.

B. Defendant Biehn is permanently enjoined from serving as a fiduciary or service provider to any ERISA-covered plan.

C. M. Larry Lefoldt ("Lefoldt"), CPA, of Lefoldt & Co., P.A., of 690 Towne Center Boulevard, Ridgeland, MS 39157 is hereby appointed as the independent fiduciary for the Biehn Construction, Inc. 401(k) Profit Sharing Plan ("the Plan").

1. As the independent fiduciary, Lefoldt will have authority to receive any assets recovered for the Plan through this action, to administer the Plan, to distribute the Plan's assets to its participants and beneficiaries, and to conclude any Plan-related matters connected with the proper termination in accordance with the Plan's governing documents, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq., and the Internal Revenue Code.

2. Lefoldt shall have full access to all data, information and calculations in the Plan's possession or control, including the records of the Plan's former fiduciaries, custodial trustees and other service providers, bearing on the administration of the Plan or the distribution of benefit payments, including account statements, participant account balances, if any, and current plan assets.

3    Lefoldt may retain such persons and firms, including accountants and attorneys, as may be reasonably required to perform his duties hereunder for the Plan.

4.    Lefoldt shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law with respect to a successor trustee or fiduciary's duties, except that Lefoldt shall have no responsibility for preparing or filing 5500 forms for plan years preceding his appointment.  In addition, Lefoldt shall not be responsible for:  (I) examining the history of the Plan's operations for instances of noncompliance with applicable law; (ii) involving the Plan in any bankruptcy or other judicial or administrative proceedings applicable to the Plan sponsor or any affiliates; (iii) correcting fiduciary violations or omissions committed by any former trustees or fiduciaries of the 401(k) Plan, or filing tax returns or fulfilling reporting obligations on behalf of the Plan, other than the requirements pursuant to applicable law governing the termination and disbursement of its assets.

5.    Lefoldt shall receive reasonable compensation up to, but not in excess of, the amount of $9,950 for the termination of the plan and distribution of its assets together with costs reasonably and necessarily incurred.  These fees shall be paid from the assets of the Plan pursuant to the terms of the Plan documents. If additional plan assets are recovered pursuant to this judgment and Lefoldt's reasonable and necessary fees or costs exceed $9,950, he will petition the Court to request that such fees and costs may be paid from the Plan and allocated

proportionally from the balances of the Plan participants. Lefoldt will provide notice of such petition to the Secretary and the Secretary shall have fifteen (15) days to object.

D.   Defendant Biehn is hereby ordered to correct any prohibited transactions in which he engaged or for which he is liable, including disgorgement of any profits derived therefrom.

E.   Defendant Biehn is liable for and shall immediately restore the total amount of $59,640.05 for employee salary contributions that he failed to remit, including lost opportunity costs for unremitted and untimely remitted employee contributions, in violation of ERISA sections 403, 404 and 406 for the period from July 31, 2005, through April 30, 2006, as set forth below:

   1.   $56,746.60 for unremitted employee contributions due to the Plan for the period from July 31, 2005, through April 30, 2006;

   2.   $2,346.65 in lost opportunity costs due to the Plan for unremitted employee contributions for the period from July 31, 2005, through April 30, 2006; and

   3.   $546.80 in lost opportunity costs due to the Plan for an additional $139,611.33 in untimely remitted employee contributions for the period from July 31, 2005, through April 30, 2006.

F.   Defendant Biehn's Plan account balance shall be offset to partially pay the $59,640.05 that Biehn owes the Plan. Lefoldt is hereby authorized to offset Biehn's Plan account. Biehn shall also forward to Lefoldt the remaining amount

owed within ten days of receiving notice from Lefoldt of the remaining amount due to the Plan.

G.  Defendant Biehn shall immediately provide proof of payment of the total amounts owed pursuant to this judgment to Steven L. Haugen, Regional Director, Employee Benefits Security Administration located at 200 West Adams St.; Suite 1600, Chicago, IL 60606.

H.  The Secretary is hereby awarded her attorney fees and the costs of this action.

I.  Nothing in this Default Judgment is binding on any government agency other than the United States Department of Labor.

J.  The Court retains jurisdiction for purposes of enforcing compliance with the terms of this Default Judgment.

Dated at Milwaukee, Wisconsin, this 28th day of April, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

Judgment entered this 28th day of April, 2009.

JON W. SANFILIPPO
Clerk of Court

By:   s/ Nancy A. Monzingo
      Deputy Clerk